UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DEVRIM CACIN-WORTHY,

        Plaintiff,    **MEMORANDUM AND ORDER**
                   12 CV 2053 (DRH) (AKT)

  - against -

STARBUCK'S COFFEE COMPANY and
STARBUCK'S CORPORATION,

        Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
141-07 20th Avenue
Whitestone, NY 11357
By: Lamont Kenneth Rodgers, Esq.
   Tonino Sacco, Esq.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Attorneys for Defendants
150 East 42nd Street
New York, NY 10017
By: George N. Tompkins, Esq.

**HURLEY, Senior District Judge:**

    Devrim Cacin-Worthy ("plaintiff") commenced this action in Queens Supreme Court against Starbucks Coffee Company and Starbucks Corporation ("defendants") alleging that defendants were negligent in their delivery of a cup of coffee to the plaintiff thereby causing the coffee to spill and resulting in personal injuries to plaintiff. (Compl. ¶ 50.) The action was removed to this jurisdiction "by reason of diversity of citizenship" pursuant to 28 U.S.C. § 1332. (Notice of Removal, DE 1, ¶ 7.) Presently before the Court is defendants' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of plaintiff's claims in their entirety. For the reasons that follow, defendants' motion is denied.

## BACKGROUND

The following material facts, drawn from the parties' Local Civil Rule 56.1 Statements and evidentiary submissions, are undisputed unless otherwise noted.

In November 2011, plaintiff was employed by Aldo, a retail store in the Sunrise Mall in Massapequa, New York. Prior to going to work on November 25, 2011, plaintiff stopped at the Starbucks kiosk in the center of the mall. Plaintiff ordered a medium-sized regular drip coffee at the cash register, where a Starbucks employee delivered her coffee to her. The Starbucks employee put a lid on the cup of coffee before providing it to plaintiff. Plaintiff then "grabbed the coffee" with her left hand and began to walk to the "milk area," which was approximately four to five feet from the register. After plaintiff took three or four steps toward the milk area, the coffee spilled. According to plaintiff, the coffee spilled because the lid came off as she "was making a motion to sit her cup down onto the condiment table." As a result of the spill, plaintiff alleges she sustained severe burns.

Plaintiff asserts that defendants were negligent in serving coffee that was too hot and in failing to properly secure the lid of the coffee cup. Plaintiff admits, however, that she does not know the temperature of the coffee she was served, and that before the coffee spilled she did not have any trouble holding the cup in her hand as it was not too hot to hold. Additionally, plaintiff does not know at what temperature Starbucks typically brews or serves its coffee. Plaintiff also admits that when she picked up the coffee, the lid was on, however she contends that it was not properly affixed and/or secured to the cup, although she never checked to see if the lid was on securely.

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)), and cannot rely on the allegations in his or her pleadings, on conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citations omitted). "When no rational jury could find in favor of the nonmoving

party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The district court, in considering a summary judgment motion, must also be mindful of the underlying burdens of proof because "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, "the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the" non-movant's claim. *Id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to present sufficient evidence in support of his claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.'" *Id.* at 211 (citing *Matsushita*, 475 U.S. at 587).

## II. *Defendant's Motion for Summary Judgment*

According to plaintiff, "[s]olely as a result of the [defendants'] negligence, carelessness and recklessness, [plaintiff] was caused to be scalded, burned and to suffer severe and serious personal injuries to mind and body, and further, that she was subjected to great physical pain and mental anguish." (Compl. ¶ 50.) Furthermore, plaintiff claims that the coffee she purchased was "supposed to be served at a temperature reasonable enough to prevent injury" and "in a cup with a lid properly affixed thereto." (*Id.* ¶¶ 48-49.)

"In order to demonstrate negligence in New York, a plaintiff must plead and prove that (1) defendant owed a duty to plaintiff; (2) defendant breached that duty; (3) the breach of that duty was the actual and proximate cause of the plaintiff's injuries." *Wurtzel v. Starbucks Coffee Co.*,

4

257 F. Supp. 2d 520, 526 (E.D.N.Y. 2003) (citing *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002)). New York law clearly provides that "[t]here is certainly no duty to serve coffee so that 'no harm will come to a user no matter…what the circumstances of its use.' " *Wurtzel*, 257 F. Supp. 2d at 527 (quoting *Huppe v. Twenty-First Century Restaurants of Amer., Inc.*, 497 N.Y.S.2d 306, 309 (Sup. Ct. 1985)). Moreover, regarding plaintiff's argument that the coffee was too hot, New York courts have held that "[s]ince plaintiff[] clearly intended to purchase hot coffee and since coffee is customarily served and intended to be consumed as a hot beverage, [in defeating a summary judgment motion] plaintiff[] must present evidentiary facts establishing that the coffee served by defendant[s] was defective or unreasonably dangerous by virtue of being hotter than it should have been." *Huppe*, 497 N.Y.S.2d at 308. Here, plaintiff has not presented any such evidence. She only claims that the temperature was so hot such that it hurt her when it spilled. (Pl.'s Dep. at 64.) A reasonable trier of fact could not conclude that the coffee was unreasonably hot based on this testimony alone. *See Huppe*, 497 N.Y.S.2d at 308 (finding that conclusory allegation that coffee was "super heated" and "too hot" was insufficient to show that "coffee was so hot that it exceeded the reasonable or customary standards for such a product"); *Moltner v. Starbucks Coffee Co.*, 2009 WL 3573190, at *4 (S.D.N.Y. Oct. 23 2009).

Plaintiff, however, contends that her "main theory of liability . . . is that the defendants' negligence arises from the [defendants'] failure to properly secure the lid to the plaintiff's coffee cup which in turn resulted in the plaintiff's sustaining injury." (Pl.'s Aff. in Opp'n ¶ 16.) In support of this claim, plaintiff testified that the Starbucks employee from whom she ordered her coffee put the lid on top of the cup. (Pl.'s Dep. at 26.) She also stated that that coffee was in her possession only for the time it took her to walk approximately 3 to 4 steps toward the milk area.

(*Id*. at 30, 40.) Moreover, as she was walking she was not "squeezing [the cup] or anything," and the coffee spilled because "[t]he cap came up." (*Id*. at 33-34; 41.)

Defendants argue in response that "the evidence in this case clearly establishes that the cup and lid performed as they were expected to perform until Plaintiff's own actions in attempting to place the cup on the condiment bar to add milk caused the coffee to spill." (Defs.' Mem. in Supp. at 12.) Viewing plaintiff's testimony in the light most favorable to her, however, the evidence reasonably supports her claim that defendants breached a duty of reasonable care because the Starbucks employee did not properly secure the lid before handing plaintiff's coffee to her and that this breach caused the coffee to spill. As stated by the New York Court of Appeals, although "[p]laintiff[] need not positively exclude every other possible cause of the accident," she "must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence." *Gayle v. City of New York*, 92 N.Y.2d 936, 937 (1998). "A plaintiff need only prove that it was 'more likely' or 'more reasonable' that the alleged injury was caused by the defendant's negligence than by some other agency." *Id*. (internal citations omitted). Furthermore, "[t]o avoid summary judgment, [plaintiff is] obligated simply to establish a reasonable probability that the accident was caused by [defendant's] negligence." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 420 (2d Cir. 2004); *Schneider v. Kings Highway Hosp. Ctr., Inc.*, 67 N.Y.2d 743, 744-45 (1986) ("To establish a prima facie case of negligence based wholly on circumstantial evidence, [i]t is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." (internal quotation marks and citations omitted)).

Here, plaintiff has presented evidence that the coffee spilled because the Starbucks employee who handed her the cup of coffee did not secure the lid. In particular, she testified that the Starbucks employee put the lid on the coffee cup and that the coffee spilled because the lid came off. Moreover, that plaintiff observed that the lid was on top of the cup when she received it does not disqualify her assertion that although the lid was on, it was not secure. Furthermore, a reasonable factfinder could logically infer that since the plaintiff held the coffee cup without squeezing it for such a short period of time while she took three or four steps toward the milk bar, the possibility that plaintiff herself caused the lid to become unsecured is sufficiently remote. *Cf. Wurtzel*, 257 F. Supp. 2d at 522-23 (dismissing negligence claim where coffee spilled after plaintiff carried it to her car, placed the cup in the car's cup holder, and began driving home); *Huppe*, 497 N.Y.S.2d at 309 (dismissing negligence claim where plaintiff carried coffee cups to her car and "[t]he evidence indicate[d] that one or both lids [of coffee cups] had been removed and that it was the jerking motion of [plaintiff] which spilled" the coffee). Based on the facts presented, plaintiff has established a reasonable probability that her injury was caused by Starbucks. As a result, her claim survives defendants' summary judgment motion.

## *CONCLUSION*

For the reasons set forth above, the defendant's motion for summary judgment is denied. The case is returned to Magistrate Judge Tomlinson for all remaining pretrial supervision.

**SO ORDERED.**

Dated: Central Islip, New York
November 7, 2014

/s/
Denis R. Hurley
Unites States District Judge